HENRY GOLDBERGER, PLAINTIFF, v. KALMAN POSNACK AND HARRY TURKISH, TRADING AS POSNACK & TURKISH, DEFENDANTS.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiff, *William Reger.*

For the defendants, *Edward Griffin.*

PER CURIAM.

The present case arises out of a rear end collision in the dark of a winter morning in the Greenville section of Jersey City. The Hudson County Boulevard at this point is in two sections, separated by an isle of safety. The plaintiff's milk wagon, from which the morning deliveries were being made, was pulled in toward the easterly curb of the boulevard, facing in a general northerly direction. The disputed question of fact was whether the milk wagon was substantially parallel with the curb or was diagonally out across the roadway with the horse at the curb and the tail of the wagon in the road. The defendants' truck, seven and one-half feet wide, came up the boulevard in a northerly direction, the truck driver did not see the wagon until too late to stop, and the result was a collision with the rear of the wagon which inflicted personal injury on the defendant who was on the street taking off milk bottles or something of the kind. The judge charged the jury with care and no complaint is made of the charge. The jury found for the defendant and the plaintiff alleges as reasons that the verdict was contrary to the weight of evidence, contrary to law, and contrary to the charge of the court. It is not contrary to the charge nor is it contrary to the law; the real question is whether it is contrary to the weight of evidence. Reading the testimony from the book, we are not in position to say that the jury was not fully entitled to find that the wagon was directed across the roadway, and that there was no light on it as claimed by the defendants' driver. These highway cases are particularly for the disposition of a jury, and the testimony is open to the conclusion both that the defendants' driver was guilty of no lack of care and also that the plaintiff must be guilty of contributory negligence.

The rule to show cause will be discharged.